IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Bilal Al-Haqq, ) | Case No. 2:24-cv-00493-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| S.C. Department of Probation, Parole, ) | |
| and Pardon Services; Stacy Richardson;) | |
| S.C. Department of Corrections, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's Complaint alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). On May 14, 2024, the Magistrate Judge issued a Report recommending that the Complaint be dismissed without prejudice, without leave to amend, and without issuance of service of process. ECF No. 5. Plaintiff filed objections to the Report.[1] ECF No. 11.

## **APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

---

[1] Plaintiff filed a motion for extension of time to file objections. ECF No. 8. The motion is granted and the objections are considered timely.

determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As noted above, the Magistrate Judge recommends that this action be dismissed without prejudice, without leave to amend and without issuance of service of process. The Court finds that the Magistrate Judge provided a thorough recitation of the facts and applicable law and incorporates that discussion by reference. As Plaintiff filed objections,[2] the Court's review has been de novo.

Plaintiff objects to the Magistrate Judge's statement that he is seeking early or immediate release and instead asserts that he is seeking correction of the constitutional violation and reinstatement of his parole. ECF No. 11 at 3. The Court will address Plaintiff's allegations of constitutional violations below. To the extent Plaintiff is requesting earlier release through parole, his objection is overruled. *See Poindexter v. W. Virginia*

---

[2] Plaintiff also filed a document labeled "notice" on September 11, 2024. ECF No. 12. The Court has considered this document as a part of Plaintiff's objections.

2

*Reg'l Jail Auth./DOC*, No. 3:18-cv-1511, 2019 WL 6590062, at *4 (S.D.W. Va. Nov. 14, 2019) (explaining that a plaintiff's request for earlier release on parole is actionable through a writ of habeas corpus only), *adopted*, 2019 WL 6598351 (S.D.W. Va. Dec. 4, 2019).  As discussed in more detail by the Magistrate Judge, to the extent Plaintiff is seeking monetary damages, that claim is barred pursuant to *Heck v. Humphrey*, 512 U.S. 477.  *See* ECF No. 5 at 7–8.

Plaintiff next objects to the Magistrate Judge's finding that the ex post facto clause was not violated by revoking his parole.  ECF No. 11 at 5.  He argues that his armed robbery conviction in 1983 was not classified as a violent crime at the time of the conviction.  As noted by the Magistrate Judge, the Supreme Court of South Carolina addressed this issue in *Phillips v. State*, 504 S.E.2d 111 (S.C. 1998).  That court determined that "[i]t is not a violation of the ex post facto clause for the legislature to enhance punishment for a later offense based on a prior conviction, even though the enhancement provision was not in effect at the time of the prior offense."  Further, other courts in this district have also held that these events do not violate the ex post facto clause.  *See Lindsey v. Benjamin*, No. 8:01-cv-4210-MJP, 2002 WL 32332555 (D.S.C. Sept. 27, 2002) (finding no violation where 1972 offense was used to revoke parole on subsequent 1986 convictions because the violent crime statute was applicable when plaintiff committed those subsequent offenses).  Accordingly, this objection is overruled.

Plaintiff objects to the Magistrate Judge's finding that Defendants did not conspire to violate his constitutional rights.  ECF No. 11 at 8.  He contends that "there was a series of overt acts performed by the Defendants in furtherance of [a] conspiracy, a meeting of

3

the minds, and collusion . . . ." *Id.* at 11.  Plaintiff continues to cite to 18 U.S.C. § 1001(a)(1)–(3), which the Magistrate Judge explained is a criminal statute.  A private citizen cannot compel criminal charges against a defendant through a civil action. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Hoffman v. Smart-Gittings*, No. 9:18-cv-1146-RMG-BM, 2019 WL 8759417, at *10 (D.S.C. Aug. 26, 2019).  Accordingly, this objection is overruled. [3]

Finally, Plaintiff objects to the recommendation that he not be permitted to amend because he has the right to amend once as a matter of course.  ECF No. 11 at 7.  Plaintiff has not indicated how he would amend his Complaint, and the Court agrees with the Magistrate Judge that Plaintiff cannot cure the defects in the Complaint.  Accordingly, this objection is overruled.  *United States ex rel. Carson v. Manor Care, Inc.*, 851 F.3d 293, 305 n.6 (4th Cir. 2017) ("[W]hen a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend.").

## CONCLUSION

Accordingly, upon de novo review of the record, the Report, and the applicable law, the Court adopts the recommendation of the Magistrate Judge.  This action is **DISMISSED** without prejudice, without issuance of service of process, and without leave to amend.

IT IS SO ORDERED.

---

[3] Plaintiff also alleges impropriety on the part of the judge who revoked his parole.  ECF No. 11 at 4.  Plaintiff has not named the judge as a defendant in this action.

4

s/ Donald C. Coggins, Jr.<br>United States District Judge

October 8, 2024
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.